## J. I. Case Threshing Machine Company, Appellant, v. E. J. Ross et al., Appellees.

1. WARRANTY—*what waiver of condition.* If a chattel be warranted upon condition that payment therefor first be made, such condition is waived and the warranty becomes unconditional if defects in such chattel are recognized and the obligation to repair the same assumed without insisting upon payment.

2. EVIDENCE—*when declarations of agent competent.* The declarations of an agent made while in the act of performing his work for his concern are competent against such principal especially where no evidence to dispute the authority of such agent to make such declarations is offered by the principal.

Assumpsit. Appeal from the Circuit Court of Hancock county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed May 19, 1909.

CARY, UPHAM & BLACK and CHARLES J. SCOFIELD, for appellant.

APOLLOS W. O'HARRA, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellant brought suit in the Circuit Court of Hancock county against appellees to recover upon two promissory notes. Appellees set up in defense a warranty and a breach thereof, alleged to have been made to them by appellant as to the qualities of a threshing machine sold by appellant to appellees. There was a verdict and judgment in favor of appellees and this appeal followed.

The evidence tended to show that appellees first entered into negotiations with one Abe Kauffman and one J. F. Ochsner, who assumed to represent appellant, for the purpose of selling a threshing machine; that a written order was made by appellees and delivered to said Kauffman and Ochsner for the purchase of a machine; that afterward, it turned out, that the machine so ordered could not be delivered, and a new

or second order, in writing, was made for the machine
involved, at Peoria, by appellees to said Kauffman and
another man, both of whom assumed to act for ap-
pellant, and a purported copy of the order delivered
by them to appellees who retained the same while the
original order was kept by appellant; that there was
a variance between the written order left with appel-
lant and the one delivered to appellees in this, that the
copy delivered to appellee did not require interest
"from date" to be paid on the notes given in pay-
ment for the machine, if said notes were paid by Octo-
ber 1, 1905, while the written order retained by ap-
pellant required interest to be paid upon the notes
from date, at 6 per cent per annum; that except for
this difference the order and copy were identical, and
in terms provided for the sale of a machine by appel-
lant to the appellees for the sum of $975 witnessed by
three promissory notes for the sum of $325 each, due
on October 1, of the years 1905, 1906 and 1907, which
notes were secured by a chattel mortgage upon the
machine; that in said contract said appellant war-
ranted the machine sold to be of good material and
with good care to do as good work under the same con-
ditions as any made in the United States, if properly
operated by competent persons, with sufficient power,
etc.; that if, after trial of ten days by the purchasers,
said machine failed to fulfill the warranty and written
notice thereof was given to appellant, a reasonable
time should be given to the company to send a compe-
tent man to remedy the difficulty, and if the machine
could not be made to fulfill the warranty the same
should be returned to appellant and it notified, where-
upon appellant should have the option to substitute
another machine which should fill the warranty, or re-
turn appellees' notes.

Said contract further provided by its terms that
"failure to fully settle on delivery as above provided
or to comply with any of the conditions of the war-
ranty on the purchasers' part   *   *   *   should dis-
charge the company from all liability whatever."

It further appeared from the evidence that pursuant to the terms of the order a threshing machine was delivered by appellant to appellees who first attempted to use it in threshing about the 25th day of July, 1905; that with careful and competent management and with sufficient power properly to operate a machine of that kind it could not be made to do good work or as good work as that done by similar machines under the same circumstances; that it was tried at various times for a period of about seventeen days, and that it would not take the straw from the back of the cylinder, but the same would wrap around the cylinder and choke the machine; that said Abe Kauffman saw the machine while it was being used by appellees and spent the most of one day trying to overcome the difficulty and make the machine work properly and failed to do so; that Kauffman then said to appellees that he would send another man who could fix it; that on the 26th day of July, 1905, appellees wrote appellant stating that the machine was not doing good work, and asking that an expert be sent at once, otherwise they would be compelled to get another outfit; that to this letter no reply was received by appellees and another letter was written about August 21, 1905, by appellees to appellant stating that the machine would not do good work; that on August 24, 1905, appellant wrote appellees saying that the complaint of appellees had been received and that the same had been referred to the Des Moines branch with a request that such branch communicate with appellees ''immediately with a view of assisting in overcoming the trouble;'' that on August 24, 1905, W. C. Black, general agent of appellant at Peoria, wrote to appellees that he had been advised of the complaint made, and asking if they were still running the machine and saying that he had referred the matter to Mr. Herring, who would be in their neighborhood soon and that he had requested him ''to go and see appellees;'' that Herring did not go to see appellees until some time in September, 1905,

about two or three weeks after the letter from Black was so written on August 24, and at a time when appellees were not trying to use the machine and when they had no threshing to do; that as the machine could not then be tried it could be tried later on; that appellee, Rose, on September 5, 1905, wrote appellant's agents at Peoria that he had a job of threshing on September 12, when the machine could be tried again; that on the next day appellant wrote Rose that endeavor would be made to have Herring at the place when the threshing was to be done on the 12th of September; that Herring did not come on the date so fixed and the job set for that date was threshed by another machine.

Other correspondence followed between the parties, but we think we have stated, in substance, enough for the purpose of this opinion, and to quote more fully from such letters would be to extend the opinion to undue proportions.

The evidence futher tends to show that no attempt was made by appellant to fix the machine, except the one made by Kauffman hereinbefore spoken of; that on the 22nd day of December, 1905, appellant, by virtue of the provisions of the chattel mortgage given by appellees upon the machine, sold the machine to itself for the sum of $478.25, which it credited upon appellees' indebtedness. The evidence further tends to show that at a time when Kauffman was at the house of Rose asking to have the notes changed in terms to agree with the written order held by appellant, appellee Boegner said to him that if they would make the machine go he would pay for it; that he would then not have to pay interest. The evidence further tends to show the notes for the machine and the chattel mortgage were drawn by Kauffman on the 24th day of June, 1905, and that he wrote in the notes the clause concerning interest to the effect that the notes should only draw interest if they were not paid by October 1, 1905, which was the matter he sought to correct when he visited appellees in July or August, 1905.

Appellant first insists that it was error to admit in evidence the copy of the order when offered by appellees contending that such copy was not the best evidence and that no proper ground was laid for the introduction of secondary evidence. However much we might be disposed to agree with appellant's version of the law, yet we do not see how the admission of the copy, under the circumstances, could have prejudiced appellant's case. The material matter for the jury to determine from the contract was the warranty and upon this branch of the case the original contract and copy were in the same identical words. The variance as to interest could not, in any way, have influenced the jury in deciding whether or not the machine was warranted and what it was warranted to do.

Furthermore, the court, by its fourth instruction given for appellant, told the jury to disregard the alleged copy of the order and to treat the order signed by appellees as the only contract of warranty in evidence in the case. Appellants further argue in this connection that the admission of such copy in evidence was harmful to appellant, because under the contract the warranty was a conditional one and no claim could be made under it until appellees had made settlement with appellant in accordance with the terms of the order.

This claim, in our judgment, is without merit. While it may be true that one of the provisions of the contract is, that failure to settle as provided by the terms of the contract or to comply with any of its conditions would discharge appellant from all liability under it, yet the appellant was in no position to urge such provision, even if it be conceded to be a legal one, under the circumstances shown in the case. Appellant from the time of making of the first complaint recognized its obligation to put the machine in good running order. Kauffman spent the better part of a day trying to overcome the difficulty and failed. After his failure the company was bound to send some one

else to remedy the defect and in a way attempted to do so. In August, nearly one month after it had notice that the machine would not work, it promised to remedy the trouble through its branch house in Des Moines, and in the same month appellant's Peoria agent wrote appellees that if they were still using the machine he would send Herring to them to see what he could do. Herring failed to come until some time in September when there was no threshing to do and appellees after that time sought to have Herring come and see the machine on the 12th of September, in which Herring failed. After appellant, by its conduct, had recognized its obligation to put the machine in running order and had assumed to put the machine in such order, it must be held to have waived its right to insist upon a settlement before appellees could rely 'upon the warranty and a breach of the same.

Appellant next contends that it was error upon the part of the trial court to admit in evidence the testimony of appellees concerning their transactions with Kauffman and declarations made by Kauffman and one Maulick, who were alleged to represent appellant.

Kauffman was one of the men who assisted in selling the machine and who drew or prepared the notes given in payment for it and the one who spent the major part of the day trying to put it in good running order. There was no evidence, whatever, offered showing want of authority upon the part of either Kauffman or Maulick. In view of the *prima facie* showing made by appellees, as to the acts of these two parties in and concerning business admittedly that of appellant, and with no evidence to dispute their authority to represent appellant, we find no error in the ruling of the court in this respect.

Special complaint is made by appellant of the court's refusal to give its eighth instruction which in effect stated that if appellees failed to return the machine to appellant, then appellant was not required to substitute another and there was no liability upon

the part of appellant under the warranty. This instruction was rightfully refused for the reason that appellant had assumed to make the machine sold meet the warranty expressed in the contract of sale. Appellant had attempted to make it work and had at different times assumed to have its agents visit and examine the machine with one purpose only in view, and that was to have it fulfill the contract. Under such circumstances appellees were not bound to return the machine to appellant. Other instructions given and refused are criticised, but we do not deem it important to canvass them. As a series the instructions given stated the law with substantial accuracy and fairly toward appellant.

The merits of the case seem clearly to be with appellees.

The judgment was right and is affirmed.

*Affirmed.*