190    APPELLATE COURTS OF ILLINOIS.

J. I. Case Threshing Machine Co. v. Puls, 175 Ill. App. 190.

---

**J. I. Case Threshing Machine Company, Appellant, v. Alfred Puls et al., Appellees.**

**Gen. No. 5,527.**

1. PLEADING—*proceeding to trial waives joinder of issues.* The rule that it is error to proceed to the trial of a cause until an issue of fact is formed on each of several pleas filed does not apply where the parties voluntarily go to trial without formal issues being joined.

2. SALES—*when condition of warranty that machine must be used a certain time need not be complied with.* Where a corn husking and shelling machine is bought under a contract of warranty requiring the buyer to use the machine for ten days, he, if the machine will not work at all, wastes the corn and inflicts serious injury on him, need not continue to run it for ten full days in order to have the benefit of the warranty.

3. SALES—*unavailing effort of seller to make machine meet a warranty waives the giving of notice of defects.* Whether a notice to the seller of defects in a warranted machine is all that the contract of sale requires is immaterial when the seller had made an unavailing effort to make the machine work properly.

J. I. Case Threshing Machine Co. v. Puls, 175 Ill. App. 190.

4. SALES—*when provision of contract that seller give notice of return of defective warranted machine is waived.* A contract of sale of a warranted machine provided that if the machine was defective, the buyer should give notice that he had returned it to the place where he had received it. A notice was written by the agent of the seller who sold the machine at the place where the machine was originally delivered that it had been returned and also making a certain counter proposition which was rejected, but not by reason of the insufficient notice of return. The agent's control of the agency had expired but he was still in the employ of the seller. *Held*, the seller was bound to know that the machine had been returned to the place where it was received, and the insufficient notice of return did not prevent the buyer abandoning the contract.

5. SALES—*when buyer of warranted machine may abandon contract of sale.* Where a contract of sale of a warranted machine provides that the seller shall give it a trial and then shall give notice that it is returned as defective to the place where it was received, if the machine does not perform the duty for which it was sold and bought and the seller, after being notified, tries to make it work and fails and the machine has been placed where the buyer received it and he offers to put it on board cars one mile away from the seller, which offer is refused, the buyer has a right to abandon the contract and to have notes given for the purchase price returned.

6. SALES—*when use of defective machine does not render buyer liable.* Where the seller of a warranted corn husking and shredding machine tries to make it work and fails, and subsequently sends men and a box of fixtures to repair it at a time when corn was not ready for husking and shredding, an unavailing trial for a short time by the buyer of the machine when that time arrives and the sheltering the machine from the weather will not prevent the buyer abandoning the contract of sale.

7. SALES—*when offering evidence of value of defective machine is repudiation by seller of right to have it back.* Where the seller of a warranted machine sues on notes given for the purchase price and the evidence shows the machine is defective, the seller by offering proof as to what it was worth as junk repudiates any right to have the machine back, and a verdict for the value of the machine, not permitting the seller to have it back, may be proper.

Appeal from the County Court of Boone county; the Hon. WILLIAM C. DE WOLF, Judge, presiding. Heard at this court at the April term, 1911. Affirmed. Opinion filed October 15, 1912.

WILLIAM BIESTER, for appellant; CARY, UPHAM & BLACK, of counsel.

B. A. KNIGHT, for appellees; G. E. JOHNSON, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

This case was before us in 158 Ill. App. 1, where a statement of the facts and contract out of which the suit arose may be found. The judgment was reversed and the cause remanded. Thereafter the declaration was amended by bringing into the suit the second note of the series described in that statement. To the amended declaration defendants filed a special plea. This plea was very defective and more resembled an answer in chancery than a plea at law. It was double and set up two or three defenses, one of which was a failure of consideration of the notes. A replication was filed to the special plea which is subject to the same criticism as the plea. It alleged, among other things, that the plaintiff had done all it was bound to do; that the shredder fully complied with the contract and that the defendants had not done any of the things required of them by the contract, and concluded to the country. There was no similiter to the replication. Plaintiff obtained a judgment for $20 and brings the judgment to this court for review on appeal.

As a general rule of pleading and practice it is error to proceed to the trial of the cause until an issue of fact is formed on each of the pleas filed. Seavey v. Rogers, 69 Ill. 534. This rule does not apply where the parties voluntarily go to trial without formal issues being joined. In such case the parties are treated as if they had agreed to try the case without formal issues joined or had agreed the case should be tried as if proper pleadings had been filed. Funk v. Babbitt, 156 Ill. 408; Supreme Court of Honor v. Barker, 96

Ill. App. 490; French v. Scobey, 108 Ill. App. 606; Cummings v. Smith, 114 Ill. App. 35; Seitz v. Coal Valley Mining Company, 149 Ill. App. 85; Sanitary Can Co. v. Hines, 149 Ill. App. 244; Raymer v. Modern Brotherhood of America, 157 Ill. App. 510.

The proof is very different on a material point from what it was on the other appeal. On December 3, 1906, defendant Hicks wrote plaintiff announcing the inability of the machine to do the work and tendering the machine to plaintiff, but also making a counter proposition that if plaintiff would surrender the notes defendants would give new notes dated the next fall and would then take the machine if plaintiff made it work then. The case was decided by us before upon the point that there was no evidence of what action plaintiff took on the proposition and therefore it would be assumed that the proposition remained open till the following year. On this trial it was proved that the company promptly refused the proposition. The contract required a trial of the machine for ten days. It is claimed that defendants only tried it for eight days and therefore the warranty was not broken and under the stringent provisions of the contract defendants were without remedy. .We hold that the contract should not be construed to mean that even if the machine would not work at all and wasted the corn and inflicted serious injury on defendants that they must continue to run it for ten full days in order to have the benefit of the warranty. Plaintiff's agent assisted in the early part of the ten days trial and left without making it work and defendants notified plaintiff, and whether that notice is all that the contract required is immaterial for the reason that they sent an expert to make it work and he came and worked on it parts of two days and left without being able to make it do the .work as the contract provided. We hold that defendants were not required to work it any longer but there is evidence tending to show that they did work it for ten different days. They then re-

194     Appellate Courts of Illinois.

J. I. Case Threshing Machine Co. v. Puls, 175 Ill. App. 190.

turned the machine to the Wheeler farm, the place where they received it and the place where the contract required it to be returned, and notified plaintiff that the machine would not work; that they would not operate it further and that plaintiff could return the notes and have the machine F. O. B. cars at Belvidere. They also, in the same notice, made the counter proposition above stated. Plaintiff answered promptly declaring that the machine was as good as any other in that neighborhood and declining the proposition. The only respect in which this notice did not literally comply with the contract was that it did not say the machine was at the place where defendants received it, but plaintiff did not reject the proposition because of any lack of specification of the place or because the defendants offered to deliver it on board cars at Belvidere, and did not make any inquiry on that subject and waived the provision requiring notice of the place. Plaintiff was bound to know that it had delivered the machine to defendants at the Wheeler farm and it was bound to expect that that was where it was to receive it unless it accepted the offer of defendants to have it hauled one mile to Belvidere. Hicks, who wrote that notice, lived on the Wheeler farm and had been the agent of plaintiff and plaintiff knew he lived there. Hicks' written contract of agency had expired, but at the time the machine was delivered to defendants at the Wheeler farm he was still working for plaintiff. In our opinion, as the machine would not perform the duty for which it was sold and bought, and as plaintiff, after being notified, had tried to make it work and had failed and the machine had been placed where defendants received it and they had offered to put it on board cars one mile away for plaintiff, and plaintiff had refused the offer, defendants had a right to abandon the contract and to have the notes returned under the authority of Kingman & Co. v. Meeks, 56 Ill. App. 272, and J. I. Case Threshing Machine Company v. Ross, 149 Ill. App. 616.

In 1907 plaintiff sent a box of fixtures and one or two men to repair the machine at a time when corn was not ready for husking and shredding. When that time arrived defendants tried the machine a short time and found it would not work and did nothing further except to shelter the machine from the weather. We are of the opinion that what was done in 1907 by defendants did not affect the case.

The proof was practically undisputed that the machine would not husk and shred properly; that it wasted the corn and worked too slowly. There was, therefore, a failure of consideration for the notes. Both sides offered proof as to what it was worth as junk. By offering that proof, plaintiff sought to recover at least its value as junk and repudiated any right to have the machine back, if the consideration of the notes had failed. One witness testifying for plaintiff showed more knowledge of its value as junk than any other, and he placed the value at $20 and the jury found that amount for plaintiff accordingly. While we might be better satisfied if the jury had found for defendants and left plaintiff to take away its machine, yet, as it offered considerable proof of its value as junk, we do not feel called upon to interfere in its behalf in that respect.

The judgment is therefore affirmed.

*Affirmed.*