THE CITY OF CHICAGO, Defendant in Error, *vs.* JAMES
WILLIAMS, Plaintiff in Error.

*Opinion filed April 18, 1912—Rehearing denied June 12, 1912.*

1. ACTIONS AND DEFENSES—*a suit to recover penalty for viola-
tion of ordinance is a civil suit.* A suit by a city or village to re-
cover a penalty for violation of an ordinance is a civil suit, to
which rules governing criminal procedure do not apply, and such
suit may be commenced by summons or by a sworn complaint, upon
which a warrant may issue for the arrest of the party charged.

2. SAME—*purpose of requiring sworn complaint before issuing
warrant.* The purpose of requiring a sworn complaint before a
warrant can issue for the arrest of a party charged with the vio-
lation of an ordinance is to preserve the constitutional rights of
the accused guaranteed by section 6 of the bill of rights, as no war-
rant can issue under such provision until an affidavit has been filed.

3. SAME—*after arrest of party charged with violation of an
ordinance the procedure is civil in character.* Where a suit by a
city to recover a penalty for violation of an ordinance is begun
by arresting the defendant on a warrant, the procedure after the
defendant is brought into court is purely civil in character, as the
purpose of the arrest is to obtain jurisdiction of the person of the
defendant and prevent his escape.

4. PLEADING—*motion to quash complaint is not a proper rem-
edy.* If the sworn complaint upon which a warrant was issued to
bring the defendant into court in a suit by the city in the munici-
pal court of Chicago to recover a penalty for violation of an ordi-
nance is not sufficiently specific, the defendant's remedy is not by
a motion to quash but by a motion for a rule for a more specific
statement of the plaintiff's claim, as in other cases of the fourth
and fifth classes under the Municipal Court act.

5. SAME—*when complaint is not indefinite and uncertain.* A
sworn complaint charging that the defendant in a suit to recover
a penalty for violating an ordinance was connected "with the
management *or* operations of the place *or* premises, * * * which
said place *or* premises were then and there kept for the purpose of
permitting persons to gamble *or* game for money," etc., is not
subject to the criticism that it is indefinite and uncertain, in that
it charges different offenses in the disjunctive.

6. CONSTITUTIONAL LAW—*the constitutional amendment permits
special practice and procedure in the municipal court of Chicago.*
Section 29 of article 6 of the constitution, requiring all laws relat-
ing to courts to be general and of uniform operation, etc., has been

amended by section 34 of article 4 so as to permit the creation of the municipal court of Chicago and to prescribe the jurisdiction, practice and procedure in such court.

7. SAME—*provision of Municipal Court act relating to judicial notice of ordinances is not invalid.* Section 54 of the Municipal Court act, requiring that court to take judicial notice of the ordinances of the city of Chicago, etc., relates to the procedure in such court, and the fact that it does not require an appellate tribunal to take judicial notice of such ordinances is not ground for holding it invalid, as applied to the municipal court, as being in violation of section 29 of article 6 of the constitution.

8. SAME—*provision of police ordinance authorizing the working out of fine not unconstitutional.* The thirteenth amendment to the Federal constitution, which abolishes slavery and involuntary servitude except for crimes of which the party has been duly convicted, does not apply to the working out of a fine for the violation of an ordinance, which is a police regulation.

9. APPEALS AND ERRORS—*when question of method of bringing ordinance to attention of appellate tribunal is not involved.* The question of the method of bringing to the attention of an appellate tribunal an ordinance which was taken judicial notice of by the municipal court of Chicago under section 54 of the Municipal Court act is not involved upon a writ of error to review a record which admits that there was an ordinance prohibiting the offense charged against plaintiff in error and that he violated the same.

CARTWRIGHT, DUNN and COOKE, JJ., dissenting.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding.

EDWARD H. MORRIS, and LOUIS GREENBERG, for plaintiff in error.

WILLIAM H. SEXTON, Corporation Counsel, and JAMES S. McINERNEY, City Prosecutor, (EDWIN J. RABER, and HENRY A. BERGER, of counsel,) for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

James Williams was found guilty, by the verdict of a jury in the municipal court, of violating section 982 of the ordinances of the city of Chicago and a fine of $100 was

assessed against him. A motion in arrest of judgment was overruled, and the court ordered that the defendant, in default of paying the fine, work the same out, under the direction of the superintendent of the house of correction, at the rate of fifty cents per day for each day's work, the term of imprisonment not to exceed six months. The defendant has sued out a writ of error from this court and insists that the judgment should be reversed for the following reasons: (1) Because the court erred in overruling a motion to quash the complaint; (2) because section 54 of the Municipal Court act, which authorizes the municipal courts of Chicago to take judicial notice of all general ordinances of the city, is unconstitutional; (3) it is alleged that the ordinances requiring persons, in default of the payment of fines for violations of the city ordinances, to work the same out are unconstitutional and void under the thirteenth amendment to the Federal constitution. These assignments of error will be considered in the order in which they are stated above.

*First*—The proceeding against the plaintiff in error was commenced by filing a complaint, under oath, in the municipal court, which set forth that "James Williams, late of the city of Chicago, on the 8th day of November, A. D. 1911, at the city of Chicago, aforesaid, was then and there connected with the management or operations of the place or premises known as No. 724 South Wabash avenue, in the city of Chicago, which said place or premises were then and there kept for the purpose of permitting persons to gamble or game for money or other valuable things, in violation of section 982 of the Chicago code of 1911; affiant further says that affiant has reasonable grounds to believe that the said James Williams will escape unless arrested; that said James Williams is not a resident of the city of Chicago but is only temporarily in said city and is· about to depart the same." A warrant was issued upon this complaint and the plaintiff in error was arrested and

brought before the court, and before the trial was entered upon he made his motion to quash the complaint, and specified nine objections thereto. The only objection relied on by plaintiff in error in his brief in this court is that the complaint is indefinite and uncertain, in that different offenses are charged in the complaint in the disjunctive,—that is to say, the word "or" is used several times in the complaint where the word "and" should have been employed. Plaintiff in error is apparently under a misapprehension as to the purpose of a complaint in proceedings of this character. A suit by a city or village to recover a penalty for the violation of an ordinance is a civil suit and the rules applicable to criminal procedure have no application thereto. (*City of Chicago* v. *Knobel*, 232 Ill. 112, and cases there cited.) Such suit may properly be commenced, like any other suit, by a summons. (Municipal Court act, sec. 49.) Such suit may also be commenced by complaint under oath, upon which a warrant may issue for the arrest of the party charged. The primary purpose of requiring a complaint to be sworn to before the party charged is arrested is to preserve the constitutional rights of the accused person guaranteed by section 6 of the bill of rights, which provides that "no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized." Under this provision of the constitution a warrant for the arrest cannot properly issue until an affidavit has been filed. When the defendant is brought before the court upon a warrant the procedure thereafter is purely civil in its character and is not any different from a like proceeding commenced by summons. The purpose of the arrest is a means of obtaining jurisdiction of the person of the defendant and to prevent his possible escape. The complaint may stand as a statement of the plaintiff's claim. If it is not sufficiently certain and the defendant desires a more specific statement, his remedy is not by motion to

quash but by a motion for a rule for a more specific statement, as in other cases of the fourth and fifth class under the Municipal Court act. Even if the complaint was defective, the motion to quash was not the proper manner of reaching the defect. An examination of the complaint, however, leads us to the conclusion that the criticism made upon it could not be sustained in any event. The court did not err in overruling the motion to quash the complaint.

*Second*—Section 54 of the Municipal Court act provides that the municipal court shall take judicial notice of all matters of which courts of general jurisdiction of the State are required to take judicial notice, and also of the following: "All general ordinances of the city of Chicago and all general ordinances of every municipal corporation situated in whole or in part within the limits of the city of Chicago." Plaintiff in error insists that this statute is unconstitutional because it violates section 29 of article 6 of the constitution of 1870, which provides that all laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform. This section of the constitution has been amended by section 34 of article 4 so as to permit special legislation applicable only to the municipal court of Chicago. This court has held that under the amendment to the constitution adopted in 1904 the legislature was authorized to create a municipal court in and for the city of Chicago and to prescribe the jurisdiction, practice and procedure in such court. (*Morton* v. *Pusey,* 237 Ill. 26; *People* v. *Cosmopolitan Ins. Co.* 246 id. 442; *Lassers* v. *North-German Steamship Co.* 244 id. 570.) The section of the Municipal Court act in question relating to the matters of which that court may take judicial notice is essentially a part of the procedure of such courts. "Judicial notice" is a term used to express

the duty or power of the court to accept, for the purposes of the trial, the truth of certain well known facts without requiring proof. (1 Elliott on Evidence, sec. 36.) It is also defined as that judicial knowledge of a fact as a rule of evidence which dispenses with the necessity of offering proof as to such fact. (*Neville* v. *Kenney,* 125 Ala. 149.) No one can have a vested right in the rules of evidence, and it is within the power of the legislature to change such rules. This is conceded by plaintiff in error, by implication at least, since his only complaint is that the law in question, which changes the rules of evidence in the municipal court, is not a general law. If this record presented any question which required this court to inspect the ordinance itself, the question then would be presented as to the proper manner of bringing the ordinance before this court. But that question is not presented by this record. It is, in fact, conceded that there was an ordinance in the city of Chicago prohibiting the offense charged against plaintiff in error and that plaintiff in error violated said ordinance. With these facts admitted on the record we have no occasion to examine the ordinance, and hence there is no necessity for us to determine whether we would judicially take notice of it or whether it would have to be brought to our attention by some other method. The fact that the statute in question does not require the appellate tribunal to take judicial notice of the ordinance is no reason why the act is invalid as applied to the municipal court. (1 Elliott on Evidence, sec. 37, and cases there cited.) Section 54 of the Municipal Court act is not invalid in the respect complained of.

*Third*—The plaintiff in error contends that the provision of the ordinances authorizing the court to require him to work out his fine is in violation of the thirteenth amendment to the Federal constitution, which abolishes slavery and involuntary servitude except for crimes of which the party has been duly convicted. The argument of plaintiff in

error is that the violation of a municipal ordinance is not a crime, and that to condemn him to work out such fine is involuntary servitude within the meaning of the thirteenth amendment to the Federal constitution. This question has been determined adversely to plaintiff in error's contention by numerous decisions. (*Pearson* v. *Wimbush,* 124 Ga. 701; *People* v. *Hanrahan,* 75 Mich. 619.) The inhibitions of the Federal constitution and Federal statutes have never been regarded as embracing police regulations. These are matters exclusively for the States. The ordinance which plaintiff in error is charged with violating is a police regulation, and therefore its enforcement is not a violation of the Federal constitution.

The judgment of the municipal court is affirmed.

*Judgment affirmed.*

CARTWRIGHT, DUNN and COOKE, JJ., dissenting:

The constitution provides that the powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, shall be uniform,—and this includes everything comprehended by the term "procedure." Section 34 of article 4 provides that in case the General Assembly shall create municipal courts in the city of Chicago, the "jurisdiction and practice" of the said municipal courts shall be such as the General Assembly shall prescribe. Under this provision the practice in the municipal court of Chicago need not be uniform with the practice in other courts of the same class or grade. But rules of evidence are not included in the term "practice." In Bishop on Criminal Procedure (vol. 1, sec. 2,) "practice" is defined as follows: "The word means those legal rules which direct the course of proceeding to bring parties into the court and the course of the court after they are brought in." And defining "procedure" the author says: "The term 'procedure' is so broad in its signification that it is seldom employed in our books as a term of art. It includes

in its meaning whatever is embraced in the three technical terms, 'pleading,' 'evidence' and 'practice.' " These definitions were quoted and approved by the Supreme Court of the United States in *Kring* v. *Missouri,* 107 U. S. 221, and they correspond with the definitions given in dictionaries and legal works. In *Fleischman* v. *Walker,* 91 Ill. 318, this court quoted the definitions of the word "practice" given by Bouvier, as "the form, manner and order of conducting and carrying on suits or prosecutions in the courts through their various stages, according to the principles of law and the rules laid down by the respective courts." Bouvier also says that the term "practice" may include pleading, but is usually employed as excluding both pleading and evidence. Practice relates to the form, manner and order in which legal proceedings are had and conducted. It is that branch of the law which regulates the formal steps in an action or proceeding in court. (Anderson's Law Dict.; 6 Words and Phrases, 5485; 22 Am. & Eng. Ency. of Law,—2d ed.—1160; 31 Cyc. 1153.) As stated by Bouvier, the word "practice" is usually employed as excluding pleading, and works relating to those branches of procedure are generally entitled "Works of pleading and practice;" but the term may include pleading, and we have given it that meaning with regard to the municipal court, but it does not embrace the whole field of procedure and cannot include rules of evidence, which are never treated of as within the scope of the term. Procedure is a broader term than practice, and includes rules of evidence. (6 Words and Phrases, 5631; 23 Am. & Eng. Ency. of Law,—2d ed.—154; 32 Cyc. 405.) The constitution permits a different practice in the municipal court from that of other courts of the same class or grade but does not authorize different rules of evidence in that court, and such a provision is prohibited.