**City of Chicago, Defendant in Error, v. Edward Meyers, Plaintiff in Error.**

**Gen. No. 18,258.**

1. MUNICIPAL COURT OF CHICAGO, § 39*—*presumption on review when evidence not preserved in record.* Where the evidence is not preserved in the record it will be presumed that it showed the defendant guilty of the matters, or some one of them mentioned in the complaint.

2. MUNICIPAL COURT OF CHICAGO, § 39*—*when want of appearance by prosecution not preserved on review.* Objection that there was no appearance by the City of Chicago to prosecute cannot be raised

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

where there is nothing in the record to show that the city did not appear to prosecute, and the officer who made the complaint was in a sense the agent of the City.

3. CRIMINAL LAW, § 461*—*conclusiveness of record.* Assignment of error that the complaint was subscribed and sworn to "after judgment" cannot be considered where the contrary appears from the record.

4. CRIMINAL LAW, § 391*—*when order of commitment not invalidated by order for an execution.* Fact that an execution was ordered for the fine, does not render an order of commitment to work it out in the house of correction illegal.

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed November 24, 1913.

CHARLES E. ERBSTEIN, for plaintiff in error.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for defendant in error; EDWIN J. RABER, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

The record in this case shows that the plaintiff in error was arrested and brought into the Municipal Court by a police officer of the City of Chicago; that the Municipal Court thereupon took jurisdiction of his person; that the police officer received leave to file a complaint against him and did so, under oath; that the plaintiff in error then being advised by the court as to his right to a trial by jury, elected to waive a jury and executed a waiver in writing in the cause, which was entitled *"City of Chicago vs. Edward Meyers."*

The complaint stated that the officer making it was a police officer of the City of Chicago, and that he saw the plaintiff in error in the act of committing various offenses against good order (which are included in a printed blank) "in violation of Section 2012 of the Chicago Code of 1911." The offenses charged are all those included in said section and called therein generally "disorderly conduct."

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

The complaint also states that so seeing him, the complaining officer took the plaintiff in error "without delay before the Municipal Court of Chicago."

It does not appear that the defendant made any demand for a more specific bill of particulars. If he had done so he would have been entitled to a more specific statement of what he was accused of. *City of Chicago v. Williams*, 254 Ill. 360. The court found him guilty and the evidence is not preserved in the record. It must be presumed, therefore, that it showed him guilty of the matters, or some one of them, mentioned in the complaint, and declared "disorderly conduct" in the section of the City Code in question. The plaintiff in error was after being thus found guilty fined by the court $200 and costs, the judgment being that "the City of Chicago have and recover from the defendant a fine in the sum of $200, etc., and that execution issue therefor," and also that "default having been made in the payment of said monies," etc., he be committed to the House of Correction until the fine and costs shall be worked out at the rate of fifty cents per day, etc., or until the whole of said fine and costs shall have been paid, or until said defendant shall have been discharged according to law.

There is nothing irregular in this procedure. Counsel for plaintiff in error says in his brief that the complaint was subscribed and sworn to "after judgment." This is not shown by the record, but the contrary appears. The complaint and judgment were the same day, but the record shows the filing of the complaint was first. The procedure of bringing the defendant into court was in accordance with clause IV of section 49 of the Municipal Court Act, said clause having been added to that act by the Amendatory Act of June 3, 1907.

The counsel for defendant also insists that there was no appearance by the City of Chicago to prosecute. There is nothing to show the City did not appear and

prosecute. The officer who made the complaint was in a sense the agent of the City. At all events, for all that the record shows, the whole law department of the City may have been present. The proceedings in the absence of any showing to the contrary are in this particular presumed to be regular. Nor is there any merit in the contention that because an execution was ordered for the fine, the commitment to work it out under the Act approved April 12, 1879, providing for the punishment for violation of municipal ordinances was illegal or vice versa, that the order for the execution was illegal because of the commitment. When the fine is paid in any manner the imprisonment would end, and whatever is earned under the statute by labor in the House of Correction would be credited on the execution.

The judgment of the Municipal Court is affirmed.

*Affirmed.*