**City of Chicago, Appellee, v. Robert Dickson, Appellant.**

**Gen. No. 25,715.**

1. MUNICIPAL CORPORATIONS—*complaint in action to recover penalty for violation of ordinance.* A proceeding by a city to recover a penalty for the violation of an ordinance is *quasi* criminal and the complaint is not required to be, in substance, the same as a declaration or statement of claim in an action of debt.

2. MUNICIPAL CORPORATIONS—*procedure in proceeding for violation of ordinance.* In a proceeding for violation of a city ordinance for which only a fine was provided, the procedure followed by the trial judge as provided for in section 27 of the Municipal Court Act (J. & A. ¶ 3339), by examining the complaint made out by the officer making the arrest and further examining the officer himself and thereafter permitting the filing of the information in the name of the city, was the most, in any circumstances, that could be required.

3. MUNICIPAL CORPORATIONS—*when statute as to bringing actions for fines or penalties in name of city complied with.* Paragraph 1708, J. & A. Stat., providing that all actions to recover any fine or to enforce any penalty under any city ordinance shall be brought in the corporate name of the city as plaintiff, was complied with where the sworn complaint of the officer making the arrest was not filed

in court until the judge examined it and the officer and then permitted the filing of it in the name of the city.

4. MUNICIPAL CORPORATIONS—*right of private persons to institute proceedings for violation of ordinances.* Section 102 of the Revised Code of Chicago of 1911, as to the prosecution of all actions for violation of the ordinances of the city, means that the prosecuting attorney shall have charge of such actions after they are begun and not that such proceedings cannot be instituted by private persons.

Appeal from the Municipal Court of Chicago; the Hon. LEO J. DOYLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed June 18, 1921. *Certiorari* denied by Supreme Court (making opinion final).

ELLIS & WESTBROOKS, HARRIS B. GAINES and FRED MCKINNEY, for appellant; RICHARD E. WESTBROOKS, of counsel.

SAMUEL A. ETTELSON and HARRY B. MILLER, for appellee; DANIEL WEBSTER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Robert Dickson was found guilty of a violation of section 2012 of the Chicago Code of 1911. A fine of $200 was assessed against him to reverse which he prosecutes this appeal.

The record discloses that Charles Bennett, a police officer of the City of Chicago, on the 29th or 30th of July, 1919, swore to a *quasi* criminal complaint charging defendant with disorderly conduct, the specific charge being that Robert Dickson "did make, aid, countenance and assist in making an improper noise, riot, disturbance, breach of the peace and diversion tending to a breach of the peace"; that he did "with other persons, to this affiant unknown, collect in a body or crowd for unlawful purpose and to the annoyance and disturbance of other persons, in violation of section 2012" of the Municipal Code of 1911. The complaint further set up that the police officer saw the defendant in the act of committing the offenses mentioned and then and

there arrested him and took him before the municipal court. On July 31, Bennett, the police officer, in the name of the City of Chicago, presented the complaint and moved the court that leave be granted to file it. The presiding judge having examined the complaint and having examined Bennett, under oath, and the court being satisfied that there was probable cause for filing the complaint, it was ordered that leave be given to file the same instanter, which was accordingly done. The record then states that it appearing to the court that defendant was arrested without a warrant and was then present in open court, the court took jurisdiction of his person and the bailiff was ordered forthwith to take defendant into custody. It further recites that defendant was duly advised by the court that he was entitled to a jury trial and that he elected to waive a jury trial and executed a formal written waiver, and continues: "Now come the parties to this cause, and thereupon this cause comes on in the regular course for trial before the court without a jury, and the court having heard the evidence and the arguments of counsel, and being fully advised in the premises, enters the following finding, to wit: The court finds the defendant guilty of the violation of the ordinance described in the complaint herein, and assesses a fine against said defendant in the sum of two hundred dollars ($200)." And it was ordered that for failure to pay the fine together with costs, the defendant be imprisoned in the House of Correction according to law, such imprisonment not to exceed 6 months. On August 30, defendant moved the court to vacate and set aside the judgment. The motion was entered and continued to September 3, and on the latter date it was heard and denied. An appeal was allowed to this court and defendant was granted leave to file a stenographic report. Within the time limited the report or bill of exceptions was filed, from which it appears that on the hearing of the motion the city

prosecutor and his assistant appeared on behalf of the city, and Ellis & Westbrooks for the defendant.

The defendant first contends that this being a proceeding to recover a penalty for the violation of a city ordinance, it is an action of debt and the complaint should be, in substance, the same as a declaration or statement of claim in such kind of case; that the complaint in the instant case does not state a cause of action such as should be stated in the declaration or statement of claim in an action of debt; that the city does not appear in the complaint as plaintiff and, therefore, it is not sufficient to sustain a cause of action and the court should have allowed the motion to vacate and set aside the judgment.

While it has been held that a proceeding by a city to recover a penalty for the violation of an ordinance is a civil suit, yet no case has been cited where it is said that the complaint filed must, in substance, be the same as a declaration or statement of claim in an action of debt, and, of course, no such case can be found. We think that the modern procedure to enforce such a penalty is *quasi* criminal. *Wiggins v. City of Chicago,* 68 Ill. 372; *Naylor v. City of Galesburg,* 56 Ill. 285; *State v. Robitshek,* 60 Minn. 123. The *Wiggins* case was a suit brought by the city against Wiggins to recover a penalty for violating an ordinance relating to auctioneers. It provided that auctioneers should first obtain a license from the city before they might enter upon the practice of their profession, and for a violation of this ordinance a penalty of $50 was fixed. The proceeding was brought before a justice of peace and was taken on appeal to the criminal court of Cook county. It was contended that the criminal court had no jurisdiction because the case was a civil one, and that appeals in such cases must be taken to the circuit court. The court, however, held that the criminal court had jurisdiction. It is there pointed out that the criminal court of Cook

county has jurisdiction in all criminal cases and all cases of a *quasi* criminal nature. The court then said (p. 375): "It is, then, necessary to determine whether this case is of a *quasi* criminal nature, as it is not claimed to be criminal. Wharton, in his Law Lexicon, defines *quasi* crime to be the act of doing damage or evil involuntarily. But this cannot be the sense in which the framers of our Constitution intended to use the term. When the entire section is considered, in the light of our jurisprudence, we must conclude that it was intended to embrace all offenses not crimes or misdemeanors, but that are in the nature of crimes— a class of offenses against the public which have not been declared crimes, but wrongs against the general or local public which it is proper should be repressed or punished by forfeitures and penalties. This would embrace all *qui tam* actions and forfeitures imposed for the neglect or violation of a public duty. A *quasi* crime would not embrace an indictable offense, whatever might be its grade, but simply forfeitures for a wrong done to the public, whether voluntary or involuntary, where a penalty is given, whether recoverable by criminal or civil process; * * *.

"In accordance with these views, it was held in the case of *Naylor v. City of Galesburg*, 56 Ill. 285, that a suit to recover a penalty for the violation of a city ordinance was a *quasi* criminal prosecution. That case is conclusive of this question, and under it we must hold that the appeal was properly taken to the criminal court of Cook county, and it thus acquired jurisdiction." But in no event is the complaint required to be substantially the same as a declaration or statement of claim, for paragraph 1709, J. & A. Ill. Stat. Ann., expressly provides: "That in all actions for the violation of any ordinance of any city or village organized under any general or special law of this State, the first process shall be a summons: *Provided, however,* that a warrant for the arrest of

the offender may issue in the first instance, upon the affidavit of any person that knows such ordinance has been violated, and that the person making the complaint has reasonable grounds to believe the party charged is guilty thereof; and any person arrested upon such warrant shall without unnecessary delay be taken before the proper officer to be tried for the alleged offense." From this it will appear that any person may make an affidavit or complaint that an ordinance has been violated and a warrant issue for the arrest of the person charged with the violation, and there is nothing in the statute that would justify the conclusion that such affidavit should be, in substance, the same as a declaration or statement of claim in an action in debt. Moreover, section 27 of the Municipal Court Act, par. 3339, J. & A. Ill. Stat. Ann., provides that criminal cases in the municipal court, where the punishment is by fine or imprisonment otherwise than in the penitentiary, may be prosecuted by the Attorney General, State's Attorney, "or some other person" by information, but where the punishment is by fine only such cases "may, in the discretion of the court, be prosecuted by complaint as is provided by law for the prosecution of criminal cases before justices of the peace"; that where such a case is brought by an individual, the charge must be verified by the affidavit of such individual, and before such information can be filed in the municipal court, a judge of that court shall examine the information and "may examine the person presenting the same, and require other evidence and satisfy himself that there is probable cause for filing the same." Sections 1 and 2, art. XVIII, ch. 79, J. & A. Ill. Stat. Ann., provides that justices of the peace shall have original jurisdiction in cases of misdemeanor where the punishment is by fine only not to exceed $200; that in such case a warrant may issue upon the affidavit of any competent person for the arrest of any one charged

with the commission of a misdemeanor. In the instant case the trial judge in the municipal court followed section 27 and examined the complaint made out by Officer Bennett and further examined the officer himself, and after such examination permitted the filing of the information in the name of the city. This was the most, in any circumstances, that could be required.

It is further argued that the proceedings were not properly brought because they were not entitled in the name of the city, and further that the only person authorized to bring such an action is the city prosecutor. It is said that section 102 of the Revised Code of Chicago of 1911 provides that the prosecuting attorney shall institute all actions for the violation of any city ordinance, and it is argued that since the ordinance gives this authority to the prosecuting attorney it may not be exercised by an individual. Paragraph 1708, J. & A. Ill. Stat. Ann., provides that all actions to recover any fine or to enforce any penalty under any ordinance of any city or village shall be brought in the corporate name of the city or village as plaintiff. In the instant case the proceedings were brought in the name of the city, for the sworn complaint of Officer Bennett was not filed in court until the trial judge examined it and also examined the officer and then permitted the filing of it in the name of the city. Section 102 of the Revised Code of 1911 provides: "The prosecuting attorney shall be charged with the prosecution of all actions for violation of the ordinances of the city. He shall institute an action in every case where there has been a violation of any city ordinance, when instructed so to do by the corporation counsel, or the chief officer of any department, or upon complaint of any other person, when in the judgment of the corporation counsel the public interest requires that the same shall be prosecuted." This section is very inartfully drawn and

it may be argued from it that the prosecuting attorney alone can institute such proceedings, yet we think this section of the ordinance means that the prosecuting attorney shall have charge of the prosecution of all actions after they are begun, and not that such proceedings cannot be instituted by a private person, for, of course, the ordinance could not abrogate the statute which, as we have held, authorizes an individual to file a complaint against a person charged with the violation of an ordinance. Under the statute Officer Bennett was authorized to make the complaint. The proceedings were in every respect regular, and the judgment of the municipal court is, therefore, affirmed.

*Affirmed.*

Taylor, P. J., and Thomson, J., concur.