City of Chicago, Appellee, v. Leo Harrington, Appellant.

Gen. No. 34,612.

Opinion filed October 19, 1931.

SLOTTOW & LEVITON, for appellant; MARVIN J. WELFELD and DAVID PALEY, of counsel.

FRANCIS X. BUSCH, Corporation Counsel, and MICHAEL L. ROSINIA, Prosecuting Attorney, for appellee; CARL J. APPEL, Assistant Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendant seeks to reverse a judgment of the municipal court of Chicago adjudging him guilty of the violation of an ordinance of the City of Chicago, and condemning him to pay a fine of $200, and for failure to pay the fine it was ordered that he be confined in the house of correction until the whole of the fine and costs should have been worked out by him at the rate of $2 a day.

The record discloses that on August 7, 1930, the defendant was placed under arrest and taken before the municipal court of Chicago. A complaint was thereupon prepared and presented to a judge of the court, who entered an order permitting it to be filed. The complaint charged that the defendant violated section 2655 of the Municipal Code of 1922 of Chicago, in that he "did allow and permit certain persons on his premises to become loud and boisterous to the annoyance of the guests of the Edgewater Beach Apartments and to the annoyance of this affiant."

The order allowing the filing of the complaint recited that the defendant had been arrested without warrant and "The said defendant being duly advised by the Court as to his right to a trial by jury in this cause elects to waive a trial by jury, and this cause is, by agreement in open court between the parties hereto, submitted to the court for trial without a jury." The court then heard the witnesses produced on behalf of the plaintiff City, and the cause was then continued and set for trial August 11, 1930, to permit defendant to have his attorney present and produce his evidence, and leave was given to plaintiff to amend the complaint. August 11, when the case was called for trial plaintiff filed an amended complaint in which it was alleged that on August 7, defendant "did then and there aid, assist or countenance an improper noise and disturbance and diversion tending to a breach of the peace within the limits of said City of Chicago by means of the operation of a certain 'Tom Thumb' or 'Pee Wee' Golf Course at unreasonable hours of the night in an unlawful manner at the city aforesaid," in violation of section 2655 of the Municipal Code. At that time defendant appeared in person and was represented by counsel and produced witnesses who testified in his behalf. Thereupon, the court found the defendant guilty and imposed the fine as above stated.

The defendant contends that the court erred in refusing his request for a jury trial and therefore the judgment should be reversed. Under the provisions of section 30 of the Municipal Court Act, Cahill's 1931 Statutes, page 958, ch. 37, ¶ 418, the court was without power to hear the case without a jury unless the defendant waived his right to a jury trial. The case was quasi-criminal and therefore one of the 5th class. Par. 5, sec. 2, Municipal Court Act, Cahill's St. ch. 37, ¶ 390; *City of Chicago v. Dickson*, 221 Ill. App. 255. Paragraph 5 provides: "All quasi criminal cases" shall be designated as cases of the 5th class, and sec-

tion 30 provides that ''Every suit at law in the municipal court other than . . . a case of the 5th class . . . shall be tried by the court without a jury unless the plaintiff, at the time he commences his suit, or the defendant, at the time he enters his appearance, shall file with the clerk a demand in writing for a trial by jury.'' This section means that cases of the 5th class are to be tried by a jury unless the defendant waives his right to such trial. Counsel for defendant say in their brief: ''In the instant case defendant never waived trial by jury and therefore it was error for the Court to hear the case without a jury.'' The difficulty with this statement.is that it is contrary to the record, which discloses that when the defendant was brought into court and leave was given to file the complaint against him, the defendant waived his right to a trial by jury, as appears from what we have heretofore quoted from the order of court. Moreover, the record further shows that four days later, August 11, to which time the case was continued, the case came on for trial without a jury, that the court found the defendant guilty of violating the ordinance and ''it is considered by the Court that the plaintiff have judgment on the finding of the Court entered herein, it appearing to the Court that said defendant has duly and regularly waived a jury trial in this cause.''

In the statement of the case, or bill of exceptions, it is recited that when the trial of the cause was resumed on August 11, the defendant asked for a trial by jury, which request was denied for the reason, as stated by the court, that the case had been disposed of except for the hearing of the defendant's witnesses. The record imports verity and cannot be successfully contradicted by statements in the brief. The defendant having waived his right to a jury trial cannot now be heard to complain that the court tried the case without a jury.

The defendant further contends that there is no evidence to warrant the finding that he was guilty of violating the ordinance; that the evidence fails to show that he was connected in any way with the golf course, and that all the evidence shows there was no misconduct on defendant's part. The evidence in the record is in narrative form. It states that plaintiff produced four witnesses, all of whom testified that they lived in the Edgewater Beach Apartments, "and that they heard loud talking, saw parties in evening clothes hilarious apparently partially intoxicated after midnight at various times and as late as 4 a. m. in the morning and that a roller was used on the gravel of the miniature course at night, which roller made much noise, often as late as 4 a. m.. Witnesses testified that this took place every night over a period of weeks, that the defendant was present and permitted it, that the golf course was a boisterous, rollicking gathering place for tipsy parties who frequented it in great numbers after midnight and that the noise prevented residents from sleeping. None of said witnesses testified that the defendant himself did the loud talking or the rolling."

Two witnesses for the defendant then testified that they worked for M. B. Mervis, the owner of the golf course, and that he and his brother were the ones who operated the roller; that the patrons of the course were quiet and orderly and were not loud or boisterous; that the defendant was employed by Mervis as manager and cashier of the golf course and that he always conducted himself in an orderly manner. The bill of exceptions then recites that at the conclusion of the testimony of these two witnesses the court stated no other testimony would be heard on the part of the plaintiff and asked if the two witnesses produced by the defendant were personal attendants of the golf course, and said he would hear argument of counsel

which must be confined to the weight of the evidence only. This is all the evidence in the record.

The undisputed evidence is that the defendant was employed by the owner of the golf course as "manager and cashier." There is no evidence as to what the duties of the defendant were. Whether he was authorized by the owner of the course to expel those patrons who were conducting themselves improperly, it is impossible to say under the evidence in the record. Furthermore, when the case was first called on August 7, the defendant was without counsel, and he requested the court that the matter be continued until he could obtain an attorney and his witnesses. The court imposed a fine of $200, and for failure to pay it was ordered that the defendant be confined in the house of correction until the fine was paid or worked out at the rate of $2 a day. And when, at the close of plaintiff's case the cause was continued so that the defendant might obtain his counsel and witnesses, the court stated that the only witnesses he would hear were those who were employed by the owner of the golf course or who were eyewitnesses to the specific acts testified to by the plaintiff's witness. We think the defendant should not have been so limited.

The sentence imposed was severe. The defendant was convicted of the violation of a city ordinance, and unless he were able to pay $200 he would be confined at labor in the house of correction for 100 days.

In view of the unsatisfactory condition of the record as above stated, we think there should be a retrial where all of the facts may be developed.

The judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

McSURELY and MATCHETT, JJ., concur.