## City of Chicago, Appellee, v. William Wernecke, Appellant.

### Gen. No. 41,127.

Opinion filed October 1, 1940.   Rehearing denied October 15, 1940.

HERBERT M. WETZEL, of Chicago, for appellant.

BARNET HODES, Corporation Counsel, for appellee; ALEXANDER J. RESA and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

November 13, 1939, a criminal complaint by leave of court was filed against defendant William Wernecke, charging him with the violation of § 4210 of the Revised Chicago Code of 1931 and with the violation of § 193 of the Municipal Code of Chicago of 1939.   The two sections are substantially the same, the latter taking the place of the former.

The complaint was filed by E. J. Mangan, a police officer who swore to a *quasi* criminal complaint (*City of Chicago v. Dickson*, 221 Ill. App. 255), charging defendant with disorderly conduct, the specific charge being that defendant "Did make or aid in making an improper noise, riot, disturbance, breach of peace, or diversion tending to a breach of the peace, within the limits of the

516

city" of Chicago contrary to § 193 of the 1939 Code of Chicago. On the same day the case was heard before the court without a jury, defendant was found guilty as charged and a fine of $100 imposed.

November 21, 1939, defendant filed a motion to vacate the judgment supported by a number of affidavits, the substance of which is that on November 10, 1939, defendant and a number of other persons, including an attorney, appeared in the felony branch of the municipal court, the parties being interested in a matter then before that court; that after hearing defendant in that case was held to the grand jury and immediately afterward defendant, the other witnesses and the attorney went into the corridor outside the courtroom; that the attorney advised them it would take several hours to arrange bail for the party who had been held to the grand jury; that defendant stated the disposition of the case by the municipal court was caused by persons belonging to a certain racial group and apparently defendant spoke disparagingly of that group; that thereupon Officer Mangan approached defendant and wanted to know if defendant was referring to him, although the affidavits disclose he was not one of such group, and placed defendant under arrest on the ground that he had attempted to intimidate the witnesses in the felony matter, and he was taken before Judge Gorman, who had just heard that case, the purpose being that the court should punish him for a direct contempt of court; that Judge Gorman said he could not take judicial notice of what occurred outside the courtroom since he had not heard it; that defendant was then placed under arrest, as stated, and three days later the matter came up for hearing; the witnesses who were present at the time of the arrest had not been summoned and did not appear; that the police officer gave testimony to the effect that the reason he placed defendant under arrest was that defendant had threatened him at the time; that the attorney for defendant was taken by surprise

and asked for a continuance until he could bring in the witnesses who were present at the time of the arrest, but the court refused such continuance.

It is contended that the complaint is void because it is based on the information and belief of the officer who swore to the complaint.

The contention cannot be sustained. In the *Dickson* case we passed on this question and pointed out a statutory requirement which provided that actions for the violation of any ordinance may be brought "upon the affidavit of any person that any such ordinance has been violated, and that the person making the complaint has reasonable grounds to believe the party charged is guilty." (Art. V, ch. 24, par. 80, p. 397, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 21.171].)

While a number of authorities in this State say that an action to recover for the violation of a municipal ordinance is a civil proceeding, yet we think it is more accurate to say, as we did in the *Dickson* case, that it is *quasi* criminal. If the complaint was insufficient in failing to point out the particular charge made against defendant, this defect could have been obviated by motion for a more specific statement. (*City of Chicago v. Williams*, 254 Ill. 360.)

Under the circumstances as disclosed by the affidavits, as above stated, we think the court should have granted a continuance so that the witnesses who were present at the time defendant was placed under arrest, could appear and testify. For the same reason, we are of opinion the court should have sustained defendant's motion to vacate the judgment and grant him a new trial.

The judgment of the municipal court of Chicago is reversed and the cause remanded with directions to award defendant a new trial.

*Reversed and remanded with directions.*

MATCHETT, J., and McSURELY, J., concur.