City of Chicago, Appellee, v. Lester Stone, Appellant.

Gen. No. 43,603.

Opinion filed April 8, 1946. Rehearing denied April 22, 1946.
Released for publication April 23, 1946.

J. S. PRESSMAN, of Chicago, for appellant; DAVID H. KRAFT, of Chicago, of counsel.

BARNET HODES, Corporation Counsel, for appellee; J. HERZL SEGAL, Head of Appeals and Review Division and SYDNEY R. DREBIN, Assistant Corporation Counsel, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

June 5, 1945, a quasi-criminal complaint was, by leave of court, filed against defendant, Lester Stone, charging that on the 7th of May, 1945, he purchased from Edward Burke, 18 years of age, one Vadette trumpet in a black case for $5 without the written con-

sent of his parents or guardian in violation of sections 168–9 of the Revised Chicago Code of 1931. Defendant was represented by counsel but waived a jury and after hearing, the court found him guilty as charged, assessed a fine of $100 against him and defendant appeals.

The record discloses that the cause was called for trial June 5, 1945, and apparently some days prior, a complaint had been filed against defendant charging him with receiving stolen property, namely the trumpet. When the case was called for trial plaintiff, over objection, was allowed to file an additional complaint which is the one before us.

Edward Burke, called by plaintiff testified that he was 18 years old, lived with his mother, did not go to school but worked; that May 7, 1945, he and two other young men about his age stole the trumpet in question from Sylvester Watson; that afterward they went downtown and he "sold the instrument in a second hand shop;" that he told the man to whom he sold the instrument that it belonged to the witness and he wanted to sell it because he did not have any use for it as he could not play it.

Arthur Olsen, a police officer, testified he arrested Burke and the other boys and took them to the station and Burke admitted he and the other two had held up the Watson boy, took the instrument and sold it to the second-hand store on State street; that they got the address and went down to the store; one of the boys named Martin, directed them to the place.

The evidence, which is uncontradicted, further shows that defendant owned and operated a store which was located at 354 So. State street and another store at 440 South State street. That at the time of the sale of the trumpet the store was in charge of Zak Levy, a young man about 33 years of age, employed by defendant; that the Watson boy who was robbed, had purchased the trumpet about 2 years before for

sixty to seventy dollars and he was also to receive some music lessons; that at the time of the sale Burke told Levy he was 21 years of age and that one of the other boys who was with him exhibited a draft card which showed he was over 21 years old. That Levy was not authorized to buy or sell stolen property or to purchase any property from a minor, by the defendant or any one else.

Defendant contends that the City was not authorized to pass the ordinance in question. We think this contention must be sustained. It is elementary that the power of the City to pass ordinances must be found in the Statute and this is conceded by counsel for the City who say that section 23–94, chapter 24, Ill. Rev. Stats. 1945 [Jones Ill. Stats. Ann. 21.1724], authorized the passing of the ordinance in question. That section provides: "Section 23–94. Second-hand and junk stores—Minors.) To license, tax, locate, and regulate all places of business of dealers in junk, rags, and any second-hand article whatsoever.

"To forbid any person from purchasing or receiving from minors without the written consent of their parents or guardians, any article whatsoever."

The section of the ordinance which defendant was charged with having violated is found in the Revised Municipal Code of Chicago. It provides: "168–9. No second-hand dealer shall purchase any second-hand article whatsoever from any minor without the written consent of his parents or guardians."

In *Bullman v. City of Chicago*, 367 Ill. 217, it was held that sec. 95 of article 5 of the Cities and Villages Act was intended to authorize the licensing and regulation only of second-hand stores carrying on a business similar to junk stores, dealers in junk, rags and similar articles and that the words "any second-hand article whatsoever" must be construed as meaning only things of the same kind as those previously enumerated and could not be held to include articles of

a class superior to that to which the particular words belong. In that case the City was permanently enjoined from enforcing an ordinance against second-hand dealers on the ground that the ordinance was invalid. The complaint there set forth the ordinance of Chicago licensing and regulating second-hand dealers. The court then quotes section 95 of article 5 of the Cities and Villages act which was passed in 1935, and as the section was, prior to that time, when it was considered by the court in *City of Chicago v. Moore,* 351 Ill. 510 and *City of Chicago v. Northern Paper Stock Co.,* 337 Ill. 194. The court then discusses the *Moore* case where defendant conducted a bookstore in Chicago in which new and second-hand books and magazines were sold. And he was charged with conducting a second-hand store without having obtained a license in violation of the ordinance. And the ordinance under which defendant was convicted was held invalid. After discussing the *Northern Paper Stock Co.* case, continuing, the court said (p. 224) that the City contended that sec. 95 was amended and "grants the power to municipalities to regulate not merely junk dealers and second-hand dealers whose business is in the nature of junk business, but also grants the power to regulate all dealers in any second-hand article whatsoever." But the court held this contention was untenable and the ordinance invalid.

In the instant case we think sec. 23-94 is substantially the same as sec. 95 mentioned in the *Bullman* case and that the City was, by that section, authorized to license and regulate only second-hand stores carrying on a business similar to "dealers in junk and rags" and therefore the ordinance is invalid so far as it applies to the facts in the case before us.

We have considered the other contentions made by counsel for defendant but think none of them was of such a character as would warrant us in disturbing the judgment. The case before us, while

sometimes said to be a civil case, we think is more properly designated as quasi-criminal as the complaint was in the instant case. *City of Chicago v. Dixon,* 221 Ill. App. 255.

The judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*

MATCHETT, P. J., and NIEMEYER, J., concur.