City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Porter D. Campbell, c/o Josephine Godfrey, Porter D. and Aurelia Campbell, Defendants-Appellants.

Gen. No. 48,007.

First District, Third Division.

October 20, 1960.

457

McCoy, Ming, and Leighton (George N. Leighton, of counsel) for appellants.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Rita Ivy Epstein, Assistant Corporation Counsel, of counsel) for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

A fine of $2,300.00 was imposed upon Porter D. Campbell in a proceeding to recover penalties for numerous violations of the Building Code of the City of Chicago.

The City's statement of claim named as defendants, "Porter D. Campbell c/o Mrs. Josephine Godfrey, & Porter D. & Aurelia Campbell, 3356 S. Calumet." It consisted of 14 counts and asked for the maximum penalty of $2,300.00. Campbell entered his appearance pro se, did not file an answer, obtained two continuances and then waived a jury. He did not pay the fine and was ordered confined in the House of Correction. Three weeks later, through attorneys, he filed a verified motion to vacate the judgment or for a new trial. The motion was denied. This appeal is from the order denying the motion and from the judgment.

The motion stated that he was the contract purchaser of the property and that Aurelia Campbell, his codefendant, (who was also served with summons but who did not appear and against whom no default was taken) was his wife. It described Campbell's background and his unfamiliarity with court proceedings. It stated that he did not know he had a right to counsel, to file an answer, to demand a jury or to present a defense. It made the points that since he

459

had not filed an answer, and no default for want of an answer had been taken, the court was without jurisdiction to try the case; that, although the caption of the statement of claim charged more than one defendant, the various counts were against a "defendant" only and thus did not designate which defendant was meant; that the seller of the property, whose interest was said to be as great or greater than Campbell's, was not named a defendant; that the judgment was unsupported by evidence and that he had a meritorious legal and factual defense. It further charged several violations of the defendant's rights under the State and Federal constitutions.

■■ The issues argued on appeal generally follow those set forth in the motion, with the exception of the seller's interest in the property, which is not repeated, and with added emphasis on the constitutional questions. The Appellate Court cannot consider the latter. The appeal was first taken to the Supreme Court which transferred the case to this court. If a cause, in which constitutional issues are advanced, is transferred to the Appellate Court, it must be concluded that the Supreme Court has determined no such issues are involved or that they are not material to the disposition of the appeal. Village of Maywood v. Weglarz, 24 Ill.App.2d 495, 165 N.E.2d 362; People v. Cottine, 20 Ill.App.2d 562, 156 N.E.2d 774; West Towns Bus Co. v. Street Elec. Ry. Employees, 26 Ill. App.2d 398, 168 N.E.2d 473; Goldbeck v. Cieslik, 5 Ill.App.2d 529, 126 N.E.2d 417; Schyman v. Dept. of Registration & Education, 9 Ill.App.2d 504, 133 N.E.2d 551, cert. denied, 352 U. S. 1001.

The City did not answer the motion to vacate and this has led to the additional contention that the facts alleged in the motion must be taken as true. This is one of the several arguments made in the defendant's brief which are not included as grounds for reversal

460

among his Points and Authorities. Rule 7, para. IV, of the Rules of the Appellate Court provides: "The Argument should be limited to the points made and cases cited in the Points and Authorities." However, the issue is inconsequential inasmuch as most of the factual allegations relate to the constitutional questions; those which do not, apart from either factual or legal conclusions, pertain to the personal history and inexperience of the defendant.

■ The record refutes the assertion that these latter allegations show that advantage was taken of Campbell. The summons was served upon him February 20, 1959, he filed his appearance on March 2, he was granted continuances, and the case was not tried until May 20, 1959. He had ample opportunity to employ counsel, to make preliminary motions and to prepare his defense. The charges were set out clearly and in detail, and he was informed of their seriousness because the face sheet of the statement of claim stated a penalty of $2,300.00 was being sought. He waived a jury after having been told that he had a right to a jury trial. It was his prerogative to represent himself. He cannot complain if his doing so contributed to an unsatisfactory result.

■ Campbell attacks the jurisdiction of the trial court because he did not file an answer to the statement of claim. It is his position that no issue was joined and therefore the court was without authority to proceed. The defendant cites criminal cases to support his position and speaks repeatedly of there having been no plea entered to the statement of claim. This is a quasi-criminal action which, while resembling a criminal prosecution in some respects, follows civil rules of procedure. Village of Maywood v. Houston, 10 Ill.2d 117, 139 N.E.2d 233; City of Chicago v. Goldstein, 23 Ill.App.2d 315, 162 N.E.2d 603. Summons had been served upon him; he had filed a general

461

appearance and he was present at the trial. His failure to file a formal answer did not deprive the court of jurisdiction over him or over the subject matter of the suit. Where a defendant fails to answer, but personally appears and proceeds to trial, formal joinder of issue is deemed waived, and any irregularity is considered cured by the finding or verdict. Ill. Rev. Stat., ch. 7, sec. 6, para. Fifth (1959); Funk v. Babbitt, 156 Ill. 408, 41 N. E. 166; Rogers v. Trudzinski, 329 Ill. App. 179, 67 N.E.2d 427; J. I. Case Threshing Machine Co. v. Puls, 175 Ill. App. 190. It is also the rule that where parties voluntarily go to trial without the formation of a written issue, the case is treated as though an oral issue had been formed. LeRoy State Bank v. J. Keenan's Bank, 337 Ill. 173, 169 N. E. 1; Witteman Co. v. Goeke, 200 Ill. App. 108.

██ Another objection relates to the statement of claim, wherein each count alleged that "defendant" committed the violation without indicating which defendant did so. Here again the defendant treats the problem as criminal rather than civil and says in his brief: "We submit the decisions of this court [i.e. Supreme Court] in criminal matters are applicable." A statement of claim in a quasi-criminal action need not be drawn with the precision of an indictment or an information. On the other hand, it must describe the offense clearly and designate the accused exactly. This one, as seems to be typical of so many in cases of this kind which have come before our court, was carelessly drafted and was vulnerable to a proper motion. Since the proceeding is civil, the defendant was required to move for a more specific complaint if he regarded the statement of claim as uncertain or indefinite in any respect. City of Chicago v. Williams, 254 Ill. 360, 98 N. E. 666; City of Chicago v. Wernecke, 306 Ill. App. 514, 29 N.E.2d 301; section 45(1), Rules of the Municipal Court of Chicago.

██ As before noted, the statement of claim was against Porter Campbell and Porter and Aurelia Campbell. Porter Campbell was, therefore, charged as defendant both individually and jointly with Aurelia, his wife. Josephine Godfrey, although she was also served with a summons, was not a defendant. Her name in the caption was surplusage. She was merely designated as the person through whom Campbell could be reached. There is no report of the proceedings of the trial and it must be assumed, therefore, the evidence supported the decision of the court, which necessarily included the finding that Campbell himself controlled the property within the meaning of the City ordinance. (Section 39-2, Municipal Code of Chicago); City of Chicago v. Franks, 22 Ill.App.2d 536, 161 N.E.2d 354. Moreover, the judgment of the court was directed to Porter D. Campbell by name and the finding of guilty related specifically to him.

██ The motion asserted that the defendant had a legal and factual defense which would meet the merits of the charges. We assume the legal defenses are the ones which have been treated in this appeal. No factual defense was set forth in the motion. The mere statement that there is an available defense is not sufficient reason for vacating a judgment. The defendant was present at the trial and had an opportunity to make known his defense. In the absence of the record we cannot presume that he did not do so.

██ The last argument, that the fine was excessive, likewise is unsupported by the record and necessarily must be resolved against the defendant in view of the fact that there is no report of proceedings.

██ ██ The motion to vacate, filed within 30 days of the judgment, was addressed to the discretion of the court. The question upon appeal is whether the trial court abused its discretion. People ex rel. Elliott

v. Benefiel, 405 Ill. 500, 91 N.E.2d 427; Western Cas. & Surety Co. v. Biggs, 6 Ill.App.2d 368, 127 N.E.2d 518. From the pleadings and the record we find there was no abuse of this discretion. The order and judgment of the Municipal Court are affirmed.

Affirmed.

SCHWARTZ, P. J. and McCORMICK, J., concur.