THE CITY OF DANVILLE, Plaintiff-Appellee, v. WILLIAM HARTSHORN, Defendant-Appellant.

(No. 11395;

Fourth District—April 16, 1971.

Groppi & Daugherty, of Danville, (Gino Groppi, of counsel,) for appellant.

Wright, Young & Wright, of Danville, (M. Eugene Wright, of counsel,) for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

At first blush it would appear that this case is much ado about nothing. But is it? Is the violation of a municipal ordinance a civil case or a criminal one? If it is civil, is a trial by jury available and do the normal pre-trial discovery procedures apply? If it is criminal, is the right to a jury trial abated under the theory that it is a "petty" matter? Defendant-appellant and city-appellee at least agree that there are two issues posed in this appeal: (1) Whether a defendant is entitled to a jury trial in the prosecution of a city ordinance violation the penalty for which is only a fine, and (2) whether pre-trial discovery under the Civil Practice Act is available in such proceedings. Defendant argues yes to both—city says no.

The conception of this appeal occurred as follows: the defendant was charged with resisting or obstructing a police officer under a municipal ordinance, punishable by fine only; upon arraignment the same day he entered a plea of not guilty and demanded a jury trial, which was denied; the city then filed an amended complaint on the same charge, and the defendant served writen interrogatories upon the city; on date of trial, defendant moved to dismiss the amended complaint on the grounds that the city had not answered the interrogatories, or, in the alternative, for continuance of the trial date and for an order requiring the city to answer the interrogatories; this two-pronged motion was denied by the presiding magistrate on the precise ground that the defendant had failed to obtain prior leave of court to propound the interrogatories upon the

city; defendant then renewed his demand for jury trial, tendering the sum of $25 for a jury of 12; again the court denied this request for the stated reason that defendant "was not entitled, as a matter of law, to a trail by jury in this type of proceeding which involved violation of a municipal ordinance;" a bench trial ensued, defendant was found guilty, judgment was entered accordingly, and a fine of $100 was assessed; defendant filed a post-trial motion for new trial on the grounds that a jury trial had been improperly denied him, and that his motion to dismiss the amended complaint or, in the alternative, to continue the trial date and require the city to answer the interrogatories, was improperly denied; the post-trial motion was denied and this appeal was born.

The city's position is apparently this: the violation of a municipal ordinance prosecution is really criminal in nature, therefore criminal in form; but if it is only quasi-criminal in character, and civil in form, then it's a small claim; but it's only a small claim in order to prohibit interrogatories from being propounded without prior leave of court, but is not a small claim for the purposes of a jury trial even if defendant tenders the requisite fee. A multi-faceted and perhaps unique attempt to enjoy the best of both worlds!

Now to the basic question: Are prosecutions under municipal ordinances in Illinois by nature criminal or civil? City-appellee here argues that since the maximum penalty can be no more than a paltry $200 it is clearly a "petty" offense and under the doctrines expressed in *Duncan v. Louisiana,* 88 S.Ct. 1444, and *Baldwin v. New York,* 90 S.Ct. 1886, no jury trial is required. The short answer to this, of course, is that the argument is incorrect and the cases inapplicable. Such posture is grounded on the erroneous footing that a municipal ordinance is synonymous with a criminal case. And this clearly flies in the face of *Village of Maywood v. Houston,* 10 Ill.2d 117, 139 N.E.2d 233, reinforced by *Village of Park Forest v. Bragg,* 38 Ill.2d 225, 230 N.E.2d 868. In the *Maywood* case, the Illinois Supreme Court quoted at length from *Illinois Law and Practice* by saying:

"The following is a succinct summary of the applicable Illinois cases: 'An action to recover penalties for violation of city ordinances or regulations is civil in form, although quasi-criminal in character. The action ordinarily is termed a civil action, and not a criminal prosecution, although it has been stated that it may more properly be designated as quasi-criminal.' 10 ILP, Cities, Villages, etc., sec. 1193." (P. 234).

Our case law recognizes that the prosecution of an ordinance violation is neither precisely nor particularly either civil or criminal—rather, it is a hybrid manifesting certain characteristics of both. And although a

varied amount of inconsistency and ambivalence has resulted over the past century, the more mundane questions in this area have been answered and determined. A shallow and cursory glance at the host of reviewing court opinions in this area reflect a pandemic and universal acceptance of the *Maywood* rule, which, simply stated, is that an action or prosecution for violation of a municipal ordinance is a proceeding civil in form, yet quasi-criminal in character.

Since the rule was codified in *Maywood,* that benchmark decision has been cited upon numerous occasions by all reviewing courts in Illinois, and some of the language in those opinions we consider to be especially appropriate, being reflective of the emphasis placed by our courts upon the *civil* aspects of municipal ordinance violation proceedings. "An action to recover a penalty for the violation of a municipal ordinance, though quasi-criminal in character, is civil in form and is ordinarily termed a civil action and not a criminal prosecution * * * Disposition of the case under the applicable provisions of the Civil Practice Act was proper." (*City of Decatur v. Chasteen,* 19 Ill.2d 204, 166 N.E.2d 29, 36.) "This is a quasi-criminal action which, while resembling a criminal prosecution in some respects, follows civil rules of procedure." (*City of Chicago v. Campbell,* 27 Ill.App.2d 456, 170 N.E.2d 19, 21.) "Our courts have recognized the criminal aspect of proceedings for violations of city ordinances and have designated them as quasi-criminal * * *. At the same time it is definitely established, as we have before stated, that these proceedings are governed by rules applicable to civil practice." (*City of Chicago v. Lewis,* 28 Ill.App.2d 189, 171 N.E.2d 70, 71-72.) "A prosecution for the violation of a municipal ordinance and to recover a fine or penalty therefor, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding." (*City of Highland Park v. Curtis,* 83 Ill.App.2d 218, 226 N.E.2d 870, 876.) Finally, the Illinois Supreme Court, in *Village of Park Forest v. Bragg,* 38 Ill.2d 225, 230 N.E.2d 868, 869, again echoed the continued validity of *Maywood,* "* * * adhering to the classification of an ordinance violation prosecution as being quasi-criminal in character, but civil in form."

■■ Having thus determined that the instant case is civil in form, it would then appear to be axiomatic that the Civil Practice Act of Illinois applies. Not so says the city. Since the maximum penalty recovery is $200, this is a small claim case. And under Illinois Supreme Court Rule 287, interrogatories may not be used prior to trial except by leave of court, and this was not obtained in the subject case. But appellant rejoins that this is not a small claim case at all since the commencement of an action for violation of a municipal ordinance is expressly governed

by the Illinois Municipal Code (Ill. Rev. Stat., 1969, ch. 24, par. 1—2—9). We are in complete accord with the view propounded by appellant. It seems indisputably clear to us that an action for violation of a municipal ordinance is commenced pursuant to the dictates of the Municipal Code and does not fall within the grouping of civil actions contemplated by the small claims rules (Illinois Supreme Court Rules 281—288). An ordinance violation, as we have pointed out, is quasi-criminal in nature—it is not "* * * * a civil action based on either tort or contract for money * * *", which is the definition of a small claim under Rule 281.

■■■ Consequently, we hold that the Civil Practice Act does apply in proceedings for violation of municipal ordinances. It necessarily follows that all discovery procedures mandated by the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 58) and specifically provided for by rule (Illinois Supreme Court Rules 201—219) apply to, and are appropriate in municipal ordinance violation cases, *Ergo,* pursuant to Supreme Court Rule 213, appellant was entitled to serve written interrogatories upon the city of his own volition and was not required to first obtain leave of court.

■■■ And is defendant in this ordinance violation entitled to a trial by jury? Indeed so. The Civil Practice Act governs and it directs that a defendant must file his jury demand not later than when he files his answer, otherwise he waives his jury (Ill. Rev. Stat., 1969, ch. 110, par. 64(1) ). This is exactly what appellant did. Defendant was arraigned on the same day the complaint was filed. It was at this time, at the first possible moment that he was before the court, "answering" the compliant as it were, that he demanded his jury. The magistrate should have granted the request, and committed error by his refusal. We hold that a defendant in a municipal ordinance violation case is entitled to a trial by jury if he meets the prerequisites of the practice act. This the defendant did; a right to a jury trial was his. *City of Chicago v. Goldstein,* 23 Ill.App.2d 315, 162 N.E.2d 603 (abstract opinion); *City of Chicago v. Chiagouris,* 95 Ill.App.2d 446, 238 N.E.2d 167 (abstract opinion).

To recap: a municipal ordinance violation prosecution is quasi-criminal in nature, but civil in form; the rules of civil procedure apply; defendant is entitled to civil pre-trial discovery procedures; defendant is entitled to a trial by jury if timely demand is made; proceedings for violation of municipal ordinances are not within the purview of small claim rules. Consequently, the trial court's denial of a trial by jury and its refusal to require the city to answer the written interrogatories, were error. The

judgment of the trial court must be reversed and it is. We hereby remand this cause with directions to the trial court to vacate its judgment of conviction, require the city to answer the written interrogatories propounded and to grant a new trial by jury.

Reversed and remanded with directions.

SMITH, P. J., and CRAVEN, J., concur.